KNIGHTS OF PYTHIAS OF NORTH AMERICA ETC.
*v*. REINBERGER.

Opinion delivered February 23, 1925.

ATTORNEY AND CLIENT—COMPENSATION—IMPLIED CONTRACT.—Though an attorney's employment on behalf of a fraternal association was unauthorized, yet where his services were accepted by officers of the association authorized to employ him, the association will be liable for his compensation under an implied contract.

Appealed from Pulaski Circuit Court, Third Division; *Marvin Harris,* Judge; affirmed.

*J. R. Booker* and *S. A. Jones,* for appellant.

Appellee was employed to represent the personal interests of Morris, who had no authority to bind appellant. A person who has availed himself of the act of an agent must prove the authority under which the agent acted. 53 Ark. 208; 21 R. C. L. p. 858, § 36. A principal is not liable for acts of his agent, which are not within the scope of his employment. 21 R. C. L. p. 899, § 28; 111 Ark. 575; 114 Ark. 9. Those who deal with an agent must ascertain the extent of his authority. 111 Ark. 229; 105 Ark. 11; 21 R. C. L. § 85, p. 908; 104 Ark. 459; The question of apparent authority had no evidence to sustain it, and instruction No. 5 was error. 21 R. C. L. § 34 pp. 854, 855.

*June P. Wooten,* for appellee.

Conceding that Morris had no authority to employ appellee, and that appellee performed the duty imposed on him, without objection on the part of those in authority to bind the lodge, and with their knowledge, the lodge would still be liable for a reasonable compensation. 103 Ark. 513; 26 Ark. 360. Even though the contract was void, appellee could recover upon *quantum meruit.* 133 Ark. 422; 66 Ark. 190. Motion for new trial was not filed in apt time. 49 Ark. 75. Bill of exceptions was not filed in time allowed. 58 Ark. 110; 96 Ark. 319; 53 Ark. 415; 82 Ark. 196; 109 Ark. 543.

McCulloch, C. J.    Appellee is a practicing attorney, and he instituted this action against appellant, a fraternal organization, to recover a sum alleged to have been earned as fee for services rendered by him for appellant.    He alleged that he was employed by F. D. Morris, one of the officers of appellant society, the title of his office being Grand Keeper of Records and Seal, and that his employment was to appear for appellant at a hearing before the Attorney General, and in an action instituted in the circuit court of Pulaski County by the Attorney General to liquidate and dissolve appellant corporation. Appellee alleged that his contract with Morris was that he was to be paid a retainer in the sum of $250, which was paid, and the further sum of $2,250, payable at the end of the litigation.    He alleged that he appeared before the Attorney General as well as in the circuit court, and performed the services for which he was employed. Appellant answered denying that appellee was employed, and alleged that Morris had no authority to employ an attorney for appellant.    There was a trial of the issues, which resulted in a verdict in favor of appellee for the recovery of $250.

The statutes of this State provide that the Attorney General may, at the instance of the Insurance Department, institute an action in a court of competent jurisdiction against any domestic insurance society which has failed to comply with any provisions of the law with respect to carrying out its contracts in good faith or in the transaction of its business, and thus procure a receivership to wind up the affairs of such corporation, but that such proceedings shall not be commenced "until after notice has been duly served on the chief executive officers of the society and a reasonable opportunity given to it, on a date to be named in said notice, to show cause why such proceedings should not be commenced." Crawford & Moses' Digest, § 6111.    An adverse recommendation to the Attorney General was made by the Insurance Department against appellant society, and the Attorney

General notified the officers to appear on a given date to answer the charges against the society.

According to the testimony of appellee, he was employed by Morris to appear for appellant society before the Attorney General, and he did in fact appear there and represent the society in the examination. The president and other ranking officers of appellant were also present, and permitted appellee to appear there in the name of appellant to resist the proceedings against it. They contended, however, that appellee appeared as personal counsel for Morris, and the latter testified that he employed appellee solely for that purpose.

The Attorney General instituted an action against appellant in the circuit court, and, pursuant to his employment, appellee appeared there for appellant, but subsequently other attorneys were employed to represent appellant, and, according to the testimony introduced in that case, the record made by appellee in the hearing before the Attorney General was used in the circuit court as a basis of appellant's defense in that action, and upon which a decision favorable to appellant was secured, and an affirmance of that judgment was obtained in this court. *State* v. *Knights of Pythias,* 157 Ark. 266.

The testimony adduced by appellant tended to show that Morris was without authority to employ counsel, but the verdict of the jury can be sustained upon the theory that appellee performed the services for which he claims compensation, and that officers of the corporation whose authority is unquestioned accepted these services and knew that they were being performed for appellant; hence there was an implied contract. *Boynton* v. *Brown,* 103 Ark. 513. The proceedings were against appellant, and its officers present at the hearing had no right to assume that appellee appeared in any other capacity than as appellant's counsel.

Appellee did not recover his full fee according to the contract, but it is unimportant to determine whether his recovery should have been on the implied contract

or upon the *quantum meruit,* since he has not appealed, and the evidence is sufficient to establish the reasonableness of the compensation awarded by the jury.

The court's charge to the jury and the court's rulings with respect to giving and refusing instructions have not been abstracted, hence we must assume that the case went to the jury upon proper instructions and that there was no error of the court in that respect.

Judgment affirmed.